**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PRESTON JAMES, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:    11-1793 (RC) |
| | : | |
| v. | : | Re Document No.:   3 |
| | : | |
| DISTRICT OF COLUMBIA *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**DENYING THE DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS; DISMISSING *SUA SPONTE* THE PLAINTIFF'S CLAIMS AGAINST SERGEANT CROUCH**

## I.  INTRODUCTION

The plaintiff alleges that he was unconstitutionally and tortiously seized by several police officers, and he brings suit against the District of Columbia, Sergeant James Crouch of the District of Columbia's Metropolitan Police Department ("MPD"), and several unknown MPD officers.  Now before the court is the District of Columbia's partial motion to dismiss.  Because the plaintiff states a plausible claim for the common-law tort of negligent supervision against the District of Columbia, the court denies the District's motion.  Because the complaint contains no factual allegations to support any plausible claims for individual liability against Sergeant Crouch, however, the court will dismiss those claims *sua sponte*.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In July 2010, the plaintiff attended a business meeting in northeast Washington, D.C.  Compl. ¶ 10.  He claims that he was attacked, tackled, and handcuffed by several MPD officers as he left the building.  *Id.*  After a "significant" period of time, the police removed his handcuffs and allowed him to depart.  *Id.*  In July 2011, the plaintiff filed suit in the Superior Court of the District of Columbia against the District of Columbia, Sergeant Crouch, and several unknown

police officers.  The complaint seeks damages for assault and battery (Count I), false arrest

(Count II), the violation of his constitutional rights under 42 U.S.C. § 1983 (Count III),

intentional infliction of emotional distress (Count IV), negligent infliction of emotional distress

(Count V), and negligent supervision (Count VI).  After the District of Columbia removed the

action to this court, the District of Columbia filed a motion to dismiss Count VI for failure to

state a claim under Rule 12(b)(6).

### III.  ANALYSIS

#### A.  Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)

All that the Federal Rules of Civil Procedure require of a complaint is that it contain a

"short and plain statement of the claim" in order to give the defendant fair notice of the claim

and the grounds upon which it rests.  FED. R. CIV. P. 8(a)(2), *see Erickson v. Pardus*, 551 U.S.

89, 93 (2007).  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate

likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim.

*See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A court considering such a motion presumes

the factual allegations of the complaint to be true and construes them liberally in the plaintiff's

favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  It

is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint.

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25,

28–29 (D.D.C. 2010).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.

Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks omitted).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements," are therefore

insufficient to withstand a motion to dismiss.  *Id*.  A court need not accept a plaintiff's legal

conclusions as true, *id.*, nor must the court presume the veracity of legal conclusions that are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## B.  The Court Denies the District's Motion to Dismiss Count VI of the Plaintiff's Complaint

In Count VI of the complaint, the plaintiff claims that the District of Columbia and Sergeant Crouch are liable for "negligent supervision."  Compl. ¶¶ 28–31.  Negligent supervision is a species of the common-law tort of negligence. *See Fred A. Smith Mgmt. Co. v. Cerpe*, 957 A.2d 907, 916 (D.C. 2008); *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 575 (D.C. 2007). Unlike the doctrine of *respondeat superior*—a legal construct which allows a plaintiff to hold employers vicariously liable for acts committed by their employees—the tort of negligent supervision allows a plaintiff to hold employers directly liable for their failure to properly supervise their personnel. *Id.*  To succeed on a claim of negligent supervision, the plaintiff must prove "that the employer breached a duty to the plaintiff to use reasonable care in the supervision or retention of an employee which proximately caused harm to plaintiff." *Phelan v. City of Mount Rainier*, 805 A.2d 930, 940 (D.C. 2002).

The District argues that the complaint is devoid of any factual allegations from which it could be inferred that District was negligent in its supervision of MPD officers.  Although the complaint is somewhat light on factual allegations, the court notes that the plaintiff's burden at the pleading stage is "minimal." *Hopkins v. Blue Cross & Blue Shield Assoc.*, 2010 WL 5300536, at *7 n.1 (D.D.C. Dec. 21, 2010).  The plaintiff alleges that he was "attacked" by several police officers without justification, that he was tackled and handcuffed, and that he was not released until a "significant period of time" had elapsed. *See* Compl. ¶ 10.  He also alleges that the police officers, while acting under color of law, had gone "rogue." *See id.* ¶ 11.  He concludes that the District of Columbia was "responsible for the hiring, training, supervision, monitoring and disciplining of the officers involved," *id.* ¶ 12, thus alleging that the District of

Columbia's lax supervision of its employees ostensibly caused the harms he suffered.  The court

concludes that these factual allegations meet Rule 8(a)(2)'s threshold requirement that the

plaintiff put forth a "short and plain statement of the claim" such that the defendant is put on

"fair notice" of the nature of the plaintiff's claim and the grounds upon which it rests.  *See*

*Twombly*, 550 U.S. at 555.  Because the District puts forth no other arguments to suggest that the

plaintiff's claim against the District is so implausible that dismissal is warranted, *see Iqbal*, 556

U.S. at 677, the court will deny its partial motion to dismiss.  Because the District has not moved

to dismiss the other counts of the complaint,[1] those claims will proceed to discovery.

Accordingly, although the plaintiff's factual allegations are somewhat thin, allowing the

plaintiff's negligent supervision claim to proceed to discovery as well will not unduly burden the

District.  The District is free to file a new dispositive motion subsequent to discovery.

## C. The Court Will Dismiss the Plaintiff's Individual-Capacity Claims Against Sergeant Crouch *Sua Sponte*

Construing the complaint generously, it appears that the plaintiff brings all of his claims

against Sergeant Crouch in both his individual and official capacity.  *See* Compl. at 1.  But not a

single factual allegation indicates that Sergeant Crouch was in any way involved in the harms

that allegedly befell the plaintiff.  In fact, the complaint barely makes any reference to Sergeant

Crouch at all.  No mention of Sergeant Crouch is made until the plaintiff recites the legal

elements of Count VI:  "At all times relevant herein, the officers were acting under the direction

and control of Sergeant Crouch and the District of Columbia and pursuant to the rules,

---

[1]     The District originally moved to dismiss Counts I, II, IV, and V of the complaint on the basis that those claims were time-barred.  *See* Def.'s Mot. at 6–7.  In a Supplemental Memorandum, [Dkt. # 4] the District withdrew its arguments regarding the timeliness of those claims.  Def.'s Supp. Mem. at 1–2.  The District now concedes that these claims are timely because Rule 6(a) grants plaintiffs extra time to file suit when, as here, the statute of limitations expires on a Saturday.  *See Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416, 1418 (D.C. Cir. 1986); Def.'s Supp. Mem. at 1–2.

regulations, policies and procedures, of defendant District of Columbia." Compl. ¶ 29; *see also id.* ¶ 30 ("Defendants Sgt. Crouch and District of Columbia acted negligently, carelessly and recklessly by failing by failing [sic] to properly train, supervise, control, direct and monitor the defendant officers."). These conclusory statements are totally divorced, however, from the factual allegations at the heart of the complaint. What's more, because these allegations are merely "[t]hreadbare recitals" of the plaintiff's cause of action, they need not be taken at face value. *Iqbal*, 556 U.S. at 678. Because nothing in the complaint suggests that Sergeant Crouch was involved in the acts underlying the plaintiff's claims, the court concludes that the plaintiff has not stated a plausible claim for relief.[2] *See Jones v. Horne*, 634 F.3d 588, 602 (D.C. Cir. 2011) (affirming the district court's dismissal of the plaintiff's individual-capacity suit against a government official because the plaintiff did not allege that the official had any personal involvement in the allegedly illegal conduct); *Brown v. Fogle*, 819 F. Supp. 2d 23, 28 (D.D.C. 2011) (dismissing the plaintiff's individual-capacity suits against public officials under *Iqbal* because the plaintiff did not allege that those officials were personally involved in any wrongdoing). Where, as here, it appears beyond doubt that the facts alleged in the complaint would not entitle the plaintiff to relief, the court may dismiss those claims *sua sponte*. *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990); *Jaeger v. United States*, 2006 WL 1518938, at *1 (D.D.C. 2006) (concluding that when "the failure to state a claim is patent, it

---

[2]    Although the plaintiff suggests in his opposition that Sergeant Crouch was present at the scene of the plaintiff's detention, Pl.'s Opp'n at 2, there is no mention of this fact in the complaint. When reviewing a motion to dismiss the court is generally confined to the four corners of the complaint, *Hollabaugh v. Office of the Architect of the Capitol*, 2012 WL 759651, at *1 (D.D.C. March 9, 2012), which the plaintiff may not amend in his opposition brief, *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 91 n.8 (D.D.C. 2010). Accordingly, the plaintiff's argument does not affect the court's analysis.

is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources for the Court to dismiss the action *sua sponte*") (quotation marks and citation omitted). Accordingly, the court concludes that all claims brought against Sergeant Crouch in his individual capacity must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the District of Columbia's motion to dismiss Count VI against the District and dismisses all of the plaintiff's individual-capacity claims against Sergeant Crouch *sua sponte*.  An order consistent with this memorandum opinion is separately issued this 26th day of June, 2012.

RUDOLPH CONTRERAS
United States District Judge